# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0803V
(not to be published)

| | |
|---|---|
| JULIE R. BEDOGNE, *as personal representative of the estate of* VINCENT R. BEDOGNE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 1, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Scott William Rooney*, Nemes, Rooney, P.C., Farmington Hills, MI, for Petitioner.

*Steven Santayana*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

  Julie R. Bedogne ("Petitioner"), as personal representative of the estate of Vincent R. Bedogne ("Mr. Bedogne") has pursued this petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.2 (the "Vaccine Act"). Petition filed January 26, 2021 (ECF No. 1) (filed by Mr. Bedogne); Notice (ECF No. 11) (reflecting Mr. Bedogne's subsequent death); Order (ECF No. 20) (amending the case caption); Amended Petition (ECF No. 39).

  Petitioner alleges that as a result of an influenza vaccine administered to Mr. Bedogne on September 26, 2019, Mr. Bedogne suffered from Guillain-Barré syndrome.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

(Petition at 1). Petitioner further alleged that Mr. Bedogne continued to suffer from GBS symptoms at the time of his passing on February 1, 2021, and that said symptoms were a factor in his cause of death. *Id*. at 3. On June 30, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 54).

Petitioner has now filed a motion for attorney's fees and costs, dated August 4, 2022 (ECF No. 57), requesting a total award of $23,479.00 (representing $23,046.00 in fees and $433.00 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred out-of-pocket expenses in the amount of $1,521.44. (*Id.* at 2). Respondent reacted to the motion on August 5, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 58). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Scott W. Rooney: $400 per hour for 2020; and $470 per hour for 2021-2022. The requested hourly rate for 2022 is reasonable and consistent with what Mr. Rooney was previously awarded for his work in the Vaccine Program and shall therefore be awarded herein. Mr. Rooney however, was previously awarded the rate of $380 per hour for time billed in 2020 and $400 per hour for time billed in 2021, less than what is being requested herein. *See Austin* v. *Sec'y of Health & Hum. Servs.,* No. 20-50V, 2021 WL 5080044, (Fed. Cl. Spec. Mstr. October 6, 2021); *Heil* v*. Sec'y of Health & Hum. Servs.,* No. 19-0109V, 2022 WL 3639431, (Fed. Cl. Spec. Mstr. July 22, 2022); and *Schweder* v. *Sec'y of Health & Hum. Servs.,* No. 20-1077V, 2022 WL 4078659, (Fed. Cl. Spec. Mstr. Aug. 4, 2022). I find no reason to deviate from the previously awarded rates. Accordingly, I reduce Mr. Rooney's rates to $380 per hour for time billed in 2020 and $400 per hour for time billed in 2021, to be consistent with what was previously awarded. This results in a reduction of **$1,567.50**.[2]

## ATTORNEY COSTS

Petitioner requests $433.00 in overall costs. (ECF No. 57 at 2). This amount is comprised of copying costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $23,432.94**[3] **as follows:**

---

[2] This amount consists of ($400 - $380 = $20 x 15.55 hrs = $311.00) + ($470 - $400 = $70 x 17.95 hrs = $1,256.50.00) = $1,567.50.

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $21,911.50, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel and;**

- **A lump sum of $1,521.44, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.